FIRST NATIONAL BANK ET AL. *v.*
DANIEL J. SOHN

[No. 596, September Term, 1976.]

*Decided February 9, 1977.*

The cause was argued before MORTON, POWERS and LISS, JJ.

*Frank C. DiGiorgio* for appellants.

*Jacob Yosef Miliman* for appellee.

POWERS, J., delivered the opinion of the Court.

In September 1974 Daniel J. Sohn, employed as a stockroom clerk by First National Bank in Baltimore, sustained an injury arising out of and in the course of his employment. He went to a hospital clinic for examination and treatment as an outpatient. The injury was reported to be to the left shoulder.

A radiology report stated that there was an avulsion fracture of the superolateral aspect of the left humerus. A recheck some two months later showed an area of slight cortical thickening and bony proliferation with no residual evidence of any loose bone fragment.

On his claim filed with the Workmen's Compensation Commission Mr. Sohn received compensation for temporary total disability until 12 January 1975. In April 1975 a hearing was held on the issue of the nature and extent of the disability. Mr. Sohn testified briefly. He told the Commission how the injury was sustained, and where it hurt. Report forms showing follow-up visits to the clinic, and reports of examinations by two different orthopedic surgeons, one in February and one in March, were filed.

One orthopedic report noted that the trauma was producing a frozen shoulder. Inspection of the shoulder noted mild deltoid atrophy, tenderness, and limitation of motion. The surgeon said that the symptoms were likely to remain on a more or less permanent basis. He said the injury was consistent with a 10% permanent partial disability of the left shoulder. The other report referred to examination of the left shoulder, and was more specific in stating the degrees of limitation of various motions, and noted loss of tone of the muscles of the left shoulder joint and left arm. The examiner expressed the opinion that the disability of the left shoulder was 40 per cent permanent.

The commission made an award of permanent partial compensation under "Other Cases" amounting to 25% industrial loss of use of the body as a result of the injury to the left shoulder. The employer and insurer asked for a

rehearing, which was granted. The Commission affirmed its previous award. The employer and insurer appealed to the Baltimore City Court.

On appeal the case was submitted to Judge Basil A. Thomas on the record, a more detailed letter from one of the orthopedists who had examined Mr. Sohn, and arguments of counsel. Judge Thomas entered an order affirming the order of the Commission. The employer and insurer took this appeal.

We have summarized the evidence before the Commission. The only additional evidence before the court was a letter. It contained these statements, possibly relevant:

"* * * the medical diagnosis is post-traumatic subacromial bursitis of the left shoulder with resultant adhesive capsulitis. In lay terms, this is an inflammation of the sac situated between the arm and shoulder blade. This sac ordinarily acts as a lubricant to allow the bones to glide over one another smoothly without grating against each other. There are many such sacs situated elsewhere in the body. From the injury, this sac became inflamed and tender. Motion of the arm irritated it and consequently the patient did not move the arm through its normal excursion and scar tissue built up in the soft tissue structures about the shoulder joint producing a stiff or frozen shoulder.

"* * * the location of the site of injury is a combination of the arm or portion thereof and trunk or portion thereof since the bursa sac is not part of either, but is actually in between both.

"* * * I feel that the percentage of disability reflects a percentage of the arm alone or portion thereof.

"* * * while the anatomical site of the lesion involved a combination of the arm and trunk, the disability, for all intents and purposes, reflected impairment only to the arm and the 10% permanent partial disability applies to this."

Appellants raise only one issue. They argue that Mr. Sohn's injury was to his arm, and that compensation for his disability may be awarded only according to the schedule of Specific Injuries listed in § 36 (3) of Code, Art. 101. They argue that the lower court (and the Commission) erred in holding that Mr. Sohn's disability was compensable under § 36 (4), relating to Other Cases.

Subsection (3) of § 36 sets forth the basis for determining compensation payable for permanent partial disability resulting from loss or loss of use of various specific members, or parts of the body, mostly extremities, but including sight and hearing.

Subsection (4) provides, in part:

"In all other cases of disability other than those specifically enumerated disabilities set forth in subsection (3) of this section, which disability is partial in character, but permanent in quality, the Commission shall determine the portion or percentage by which the industrial use of the employee's body was impaired as a result of the injury * * *."

Appellants rely heavily upon the opinion of this Court in *Smith v. Pyles*, 20 Md. App. 478, 316 A. 2d 326 (1974). In that case the claimant sustained a fracture of the upper part of the femur, or thigh bone. The surgeon who performed an operation for reduction of the fracture said in a report that the claimant had sustained a 15% permanent disability to his left leg. Another report rated the claimant as having a 40% partial permanent disability of the left hip. The Commission made an award under Other Cases. The Circuit Court for Baltimore County reversed, and remanded the case to the Commission to determine the disability, limited to the left leg.

We affirmed. There was a suggestion in the evidence that Smith complained of back pain. A medical witness said that whatever you have to the hip is going directly to the back, because of the imbalance. But the same witness said that if Smith's left leg were any shorter, it was not due to the

fracture. The evidence did not establish that the back pain was attributable to the injury, rather than to arthritis or some other cause. We said, at 483:

> "We recognize that an injury to the anatomical parts of the body set forth in the 'specific injuries section', Md. Ann. Code Art. 101, § 36 (3), could affect other parts of the body thus justifying an award under 'Other Cases', Md. Ann. Code Art. 101, § 36 (4) (a). This is not such a case."

The disability of Mr. Sohn shown by the medical evidence is such a case. The focus of the injury was indeed a fracture of a part of the arm — the head of the humerus — the ball of the ball and socket combination which constitutes the shoulder joint. The medical evidence clearly supported a finding that the disability included a "frozen shoulder", bursitis of the shoulder, with adhesive capsulitis. The sac between the arm and shoulder blade was inflamed. There was atrophy of the deltoid, a muscle in the shoulder, and loss of tone of the muscles of the shoulder joint and of the arm.

A decision of the Workmen's Compensation Commission is prima facie correct. The burden is upon the party attacking it to persuade the trier of facts to the contrary. *Dent v. Cahill*, 18 Md. App. 117, 305 A. 2d 233 (1973). Judge Thomas, the trier of facts in the Baltimore City Court, was not persuaded. We are not persuaded that Judge Thomas erred.

*Order affirmed.*
*Appellants to pay costs.*